```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      ASHEVILLE DIVISION
                       1:09CV70-02-MU
```

FREDERICK LAMAR BURRIS,   )
     Plaintiff,           )
                          )
     v.                   )
                          )
RAYMOND HAMRICK, Sheriff  )
   Of Cleveland County;   )
PHYLLIS SIMS, Facility    )
   Administrator at the   )
   Cleveland County Deten-)
   tion Center[1];        )         **O R D E R**
MARK DAVIS, Lieutenant at )
   the CCDC; and          )
MARK DAVIS, Sergeant at   )
   the CCDC,              )
     Defendants.          )
_____)

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed February 18, 2009. For the reasons stated herein, the instant action will be denied and dismissed.

In relevant part, Plaintiff alleges that on October 19, 2008, he was sentenced to a 120-day term of confinement in the custody of the North Carolina Department of Corrections for an undisclosed offense; however, on November 12, 2008, he was transferred to the CCDC to complete that sentence. Plaintiff further alleges that: (1) on December 1, 2008, he was placed on Administrative Lock-down at the CCDC by Sergeant Davis; (2) on January

---

[1]Cleveland County Detention Center hereafter will be referred to as "CCDC."

18, 2009, he was placed on Security Lock-down -- which involves a loss of certain privileges and the removal of his mattress from 6:45 a.m. to 6:45 p.m. -- without prior notice; (3) on February 2, 2009, he formally was charged with the crime of communicating threats, and on February 6, 2009, he was convicted of that offense and sentenced to 45 days imprisonment to be served at the expiration of his 120-day sentence; (4) on February 10, 2009, his mattress was taken for an indefinite period; and on February 10, 2009, he filed a grievance concerning that matter and completed a sick-call request form in order to address the pain he reportedly is experiencing from sleeping without a mattress, but he did not receive a response to his grievance or any medical attention.

Consequently, six days later, on February 16, 2009, Plaintiff executed the instant Complaint seeking declaratory relief, preliminary and permanent injunctions, and unspecified sums in compensatory and punitive damages. Notwithstanding his beliefs to the contrary, however, Plaintiff's Complaint must be denied and dismissed.

First, the law is well settled that confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Thus, because Plaintiff's allegation does not allege any matters which would render this general rule

2

inapplicable here, he cannot state a claim for relief for merely having been placed on Administrative Segregation while CCDC officials conducted their investigation of him.

Second, Plaintiff cannot state a claim for relief as to his allegation concerning his being placed on Security Lock-down because "disciplinary segregation does not create a major disruption in a prisoner's environment, and a mere chance or probability that a single factor will affect a future parole decision simply is too attenuated to invoke the Due Process Clause. <u>Sandin v. Connor</u>, 515 U.S. 472, 486-87 (1995) (segregation for thirty days; no liberty interest involved). Rather, in order to show the deprivation of a liberty interest which is protected by the Due Process Clause, an inmate must show either: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause, or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. <u>Beverati</u>, 120 F.3d at 503-04.

In short, Plaintiff has not alleged any facts which could support a finding that he has experienced conditions which exceed the sentence imposed in an unexpected manner, or that the challenged conditions create an atypical or significant hardship upon him in relation to everyday prison life. To be sure, it is not uncommon for inmates temporarily to loose certain privileges as a

3

result of either some administrative or disciplinary action. Thus, given the brief period during which Plaintiff has been placed in segregation and the conditions which he has encountered, he cannot state a constitutional claim in this regard.

Finally, as to Plaintiff's complaint that he did not receive a medical appointment within the six days preceding his filing of this Complaint, the Court also finds that allegation to be woefully insufficient to state a constitutional claim for relief. To be sure, other than the otherwise unspecified pain which he claims to be experiencing, Plaintiff does not allege that he suffered any injury, <u>de minimis</u> or otherwise, from sleeping without a mattress. "The Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees--against "cruel and unusual punishment. . . ." <u>Riley v. Dorton</u>, 115 F.3d 1159, 1167 (4th Cir. 1997).

Thus, while the Constitution protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief because he has been exposed to uncomfortable, restrictive or inconvenient conditions of confinement. <u>See</u> <u>Henderson v. Virginia</u>, 2007 WL 2781722, slip op. at 7 (W.D. Va. Sept. 21, 2007) (unpublished). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

Nor does his allegation evidence a serious medical condition to which authorities deliberately are being indifferent. See <u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997). Consequently, the instant Complaint must be <u>denied</u> and <u>dismissed</u> in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT** Plaintiff's Complaint is **DENIED and DISMISSED**. <u>See</u> 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: February 20, 2009

Graham C. Mullen
United States District Judge